# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **STEPHEN M. RAZE,** as personal representative of The Estate of Bruce G. Raze, <br><br>Plaintiff, <br><br> v. <br><br> **STACI L. WALBRIDGE** and **JEREMY D. RICHARDSON**, <br><br> Defendants. | Case No. 3:20-cv-957-AC <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge John V. Acosta issued Findings and Recommendation in this case on April 14, 2021. ECF 22. Judge Acosta recommended that this Court dismiss Plaintiff Stephen M. Raze's Complaint (ECF 1) with prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Raze brings claims against Defendants for securities fraud and financial elder abuse under Oregon law. Raze alleges that his deceased father, Bruce Raze (Bruce), signed a promissory note (the Note) in the amount of $1,925,200 payable to Defendants. Defendants used the Note to finance the purchase of Mount Morris Mobile Home Park (the Mobile Home Park) in Michigan. Raze alleges that, to induce Bruce to sign the Note, Defendants failed to disclose and misrepresented certain facts to Bruce and "took advantage of Bruce." The Note promised that Defendants would repay the loan in full plus 7.5% interest on April 20, 2020. Defendants, however, have not fully repaid the loan. Bruce borrowed $900,000 from TriTalent Funding Group, LLC to finance the Note, offering his own property as collateral. When Defendants did not repay the loan, Bruce's estate had to renegotiate the terms of the loan, resulting in the estate paying a higher interest rate.[1]

---

[1] Bruce died before payment came due on the Note.

Raze timely filed an objection, to which Defendants responded. Raze objects to both the portion of Judge Acosta's recommendation finding that Raze failed to state a claim for securities fraud under Oregon law, *see* Oregon Revised Statute (ORS) § 59.135, and the portion finding that Raze failed to state a claim for financial elder abuse in violation of ORS § 124.110. Raze also objects to Judge Acosta's recommendation that his Complaint be dismissed with prejudice. The Court adopts Judge Acosta's recommendation that the Court dismiss Raze's Complaint but declines to adopt the recommendation that the dismissal be with prejudice. For the reasons below, the Court dismisses Raze's Complaint without prejudice and with leave to replead his elder abuse claim.

## DISCUSSION

### A. Motion to Dismiss

Raze objects to Judge Acosta's recommendation that the Court dismiss Raze's Complaint for failure to state a claim. The Court has reviewed *de novo* those portions of Judge Acosta's Findings and Recommendation to which Raze has objected, as well as Raze's objections and Defendants' response. The Court agrees with Judge Acosta's reasons for dismissing Raze's Complaint and adopts those portions of the Findings and Recommendation.

### B. Leave to Amend

Raze also objects to Judge Acosta's recommendation that the Court deny Raze leave to amend his Complaint. Rule 15(a)(2) of the Federal Rule of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments with *extreme liberality*." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (simplified) (emphasis added). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med.*

PAGE 3 – ORDER

*Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). Futility of amendment "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Generally, however, "[a]bsent prejudice, or a strong showing of any of the remaining [four] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (alterations added, emphasis in original). When weighing the factors, the Court makes all inferences in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The Federal Rules of Civil Procedure's preference for giving plaintiffs leave to amend counsels in favor of granting Raze leave to amend. Raze has not "repeate[ly] fail[ed] to cure deficiencies by amendments." *See Zucco Partners, LLC*, 552 F.3d at 1007. The dismissed Complaint was Raze's first pleading, and Raze has not had a chance to *allege* more particular facts through an amended pleading. Nor do Defendants argue that Raze acted in bad faith or that they would be prejudiced by the Court allowing Raze to amend his Complaint.

That leaves futility. An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cnty*, 119 F.3d 1385, 1393 (9th Cir. 1997)); *see also Missouri ex rel. Koster v. Harris*, 847

F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988))). If the underlying facts or circumstances possibly could "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court agrees that allowing Raze to replead his securities fraud claim would be fuitle. Raze's securities fraud claim fails because the Note is not a security. There is no allegation Raze could make that would transform the Note into a security. Because Raze attached the Note to his Complaint, *see* ECF 1-1, the Court had the benefit of reviewing the Note when ruling on Defendant's motion to dismiss. The Court adopts Judge Acosta's recommendation that Raze's securities fraud claim be dismissed with prejudice.

The Court disagrees, however, that allowing Raze to replead his elder abuse claim would be futile. To state a claim for elder abuse, Raze must allege facts that plausibly suggest that Defendants wrongfully took money from Bruce when Bruce was elderly. *Church v. Woods*, 190 Or. App. 112, 117 (2003). The parties do not dispute that Defendants took money from the Bruce or that Bruce was at least 65-years old at the time. Raze's claim failed, however, because Raze did not allege that the taking was "wrongful."

Wrongful conduct is conduct that serves a defendant's improper motive or that a defendant accomplishes through improper means. *Church*, 190 Or. App. at 118. Improper means includes "deceit," "misrepresentation," and "undue influence." *Id.* A statement is a misrepresentation if the person making the statement either (1) knows the statement is false or knows he lacks knowledge as to the statement's truth; or (2) negligently supplies false

information and owes the listener a special duty of care. *Gibson v. Bankofier*, 275 Or. App. 257, 270-71 (2015); *see also* ORS § 687.011 ("'Fraud or misrepresentation' means knowingly giving misinformation or a false impression through the intentional misstatement of, concealment of or failure to make known a material fact or by other means.")

Raze alleges that Defendants made "false and misleading representations regarding the value of the Mobile Home Park and the nature of Bruce's security interest in the Mobile Home Park" to induce Bruce to invest. *See* Compl. (ECF 1) at 3, ¶ 8. Some of what Raze alleges are omissions. Defendants' alleged omissions include: failing to disclose to Bruce that, under Michigan law, a deed of trust is subject to challenge as a valid security instrument; that "roughly 40% of the value of the property allegedly securing the obligation owed to Bruce was in the form of mobile homes, which can be considered incapable of being encumbered by a deed of trust"; and that Defendants collectively owned the Mobile Home Park in its entirety and that one of the Defendant-owners had been convicted of money laundering. *See id.* at 4-6, ¶¶ 12, 13, and 18. Raze fails to adequately allege that these omissions were material to Bruce's decision to sign the Note. *See* ORS § 687.011. That does not, however, mean that Raze cannot allege facts plausibly suggesting the omissions were material.

Raze also alleges that Defendants misrepresented the Mobile Home Park's profits. Compl. (ECF 1) at 10, ¶ 30.5. Raze fails to adequately allege that Defendants, who did not yet own the Mobile Home Park, *knew* that the Mobile Home Park did not generate the profits they told Bruce it generated. *See Gibson*, 275 Or. App. a 270-71. Again, however, Raze may yet be able to allege facts plausibly suggesting that Defendants knew the Mobile Home Park did not generate the profits Defendants told Bruce it did.

Finally, Raze alleges, in conclusory fashion, that Defendants exerted undue influence over Bruce. *See* Compl. (ECF 1) at 11-12, ¶ 39. The Court cannot credit Raze's allegations when those allegations are merely legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), but Raze may yet offer factual allegations plausibly suggesting undue influence in an amended complaint. Because Raze may be able to plead facts plausibly suggesting that Defendants omitted material information, misrepresented material information, or exerted undue influence to induce Bruce to sign the Note, it would not be futile to allow Raze leave to amend his Complaint to replead this claim.

## CONCLUSION

The Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Judge Acosta's Findings & Recommendation (ECF 22). The Court GRANTS Defendants' Motion to Dismiss (ECF 8), DISMISSES Plaintiff's Complaint (ECF 1) without prejudice, and GRANTS Plaintiff leave to amend his Complaint to replead his claim for elder abuse under ORS § 124.110.

**IT IS SO ORDERED.**

DATED this 21st day of May, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge